**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-03-243-F |
| | ) |
| GARY W. FLANDERS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On April 8, 2005, following oral argument, the court ruled from the bench and denied defendant Gary W. Flanders' "Motion to Dismiss Pursuant to Title 18 U.S.C. § 3162(a)." (Motion filed April 6, 2005, docket entry no. 193.)  Given the brevity with which the court stated its ruling at that time, the purpose of this order is to elaborate upon the reasons for denial of the motion.

Defendant's motion requests dismissal of all charges contained in the second superseding indictment, as a sanction provided for in 18 U.S.C. § 3162(a) of the Speedy Trial Act.  Defendant argues that sanctions are justified because he contends the second superseding indictment violates §3161(b) of the Speedy Trial Act.  Section 3161(b) provides that "[a]ny...indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."  Defendant argues that the second superseding indictment violates this provision because it was filed on February 16, 2005, much more than 30 days after defendant's arrest.

First and foremost, the court reiterates here its statements from the bench on April 8, 2005, in which it indicated its finding that defendant Flanders waived any protections of the Speedy Trial Act in his written waiver of December of 2003.  That

waiver, which is attached to defendant Flanders' Motion to Continue Trial Setting (docket entry no. 33), is entitled "Defendant's Waiver of Provisions of Speedy Trial Act 18 U.S.C. § 3156, et seq. and Federal Rules of Criminal Procedure 50(b)." Paragraph 4 of the waiver states, in part, as follows:

> I now formally, knowingly, and intelligently and with advice of counsel, waive the provisions of the Speedy Trial Act 18 U.S.C. § 3156, et seq., ... for the current Trial Setting on the 12th day of January, 2004, and for all future proceedings in this case.

As also noted on April 8, defendant Flanders has never indicated any change of heart with respect to his desire for delay. Evidence of this fact includes his most recent motion for additional continuances. *See, e.g.*, defendant Flanders's "Motion for Reconsideration for Continuance," filed April 5, 2005. (Docket entry no. 176). The court finds and concludes that defendant Flanders has waived the objection which is the subject of the instant motion and that the motion should be, and is, denied on that ground.

Additionally, the court offers a few observations which bolster its denial of the motion in these circumstances.

First, defendant's position requires an extremely broad reading of § 3161(b). That section, however, does not reference superseding, or any type of later-filed, indictments.

Second, all of the cases cited by the defendant are either from other circuits, from district courts, or are easily distinguishable on their facts.

Third, the second superseding indictment in this case only *deletes* material, and adds none, a fact which defendant recognizes. See defendant's moving brief, p. 5, n.1 ("[t]he `Second Superseding Indictment' **omits** some factual allegations and **omits** conspiracy charges...."). Defendant's arguments are based on the Speedy Trial Act's application to later-filed indictments which, to use the language of those cases, "gild,"

or *add* material, to earlier-filed charges. *See, e.g.,* United States v. Andrews, 790 F.2d 803, 809 (10th Cir. 1986) (explaining, in discussion of a different provision of the Speedy Trial Act than is in issue here, that when a later charge "merely gilds" the earlier charge, the later charge is subject to the same Speedy Trial Act limitations as are imposed on the earlier indictment). It should be obvious that the same Speedy Trial Act considerations and other fairness concerns which are presented by indictments that "gild" earlier-filed charges, do not apply when material from earlier-filed charges has been stripped away.

Fourth, the court can think of no respect in which defendant Flanders has been prejudiced by the omission of material from the second superseding indictment. Nor does defendant's brief suggest any prejudice. *See*, United States v. Rojas-Contreras, 474 U.S. 231, 236027 (1985) (discussing a different provision of the Speedy Trial Act than is in issue here, § 3161(c)(2), the court found no violation of the Act, based, in part, upon the fact that defendant was not prejudiced by a superseding indictment which corrected a date); United States v. Reynolds, 781 F.2d 135 (1986) (lack of prejudice is a consideration as to whether the 30-day preparation period required by 18 U.S.C. § 3161(c)(2) is violated by a superseding indictment which makes "housekeeping" changes; finding that § 3161(c)(2) was not violated, the court noted that differences in the indictments were "not material, and that the defendant would suffer no prejudice in proceeding to retrial on the superseding indictment without additional preparation time").

Fifth, before the court may impose sanctions under § 3162(a), that provision requires the court to consider several factors, only one of which (the facts and circumstances of the case which led to the dismissal) has even arguably been addressed by defendant's brief or arguments.

In conclusion, the court rejects defendant's argument that he is entitled to sanctions for a purported violation of the Speedy Trial Act based upon the government's filing of a second superseding indictment in this case, the laudatory purpose of which was merely to streamline the charges in preparation for a trial which defendant Flanders has repeatedly tried to postpone. Defendant Flanders' "Motion to Dismiss Pursuant to Title 18 U.S.C. §3162(a)" is **DENIED**.

Dated this 15th day of April, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

03-0243p038.wpd